**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**ERAMITO BUTTEN,**

                                             **Docket No. 2:21-cv-02558**

                 **Plaintiff,**                        **(DRH-SIL)**

          **-against-**                     ***ANSWER OF DEFENDANTS***
                                           ***WITH JURY DEMAND***

**NORTHSHORE MOTOR LEASING LLC.,**
**and ANTHONY DEO,**

                    **Defendants.**
-----------------------------------------------------------X

      **NOW COMES** Defendants, NORTHSHORE MOTOR LEASING LLC., and

ANTHONY DEO, by counsel, Harry R. Thomasson, Esq., and Answer Plaintiff's Complaint as

follows:

<u>ANSWER</u>

1. Defendants deny knowledge or information sufficient to answer the allegations in
   Complaint paragraph number 1.

2. Defendants deny knowledge or information sufficient to answer the allegations in
   Complaint paragraph number 2.

3. Defendants deny knowledge or information sufficient to answer the allegations in
   Complaint paragraph number 3.

4. Defendants deny knowledge or information sufficient to answer the allegations in
   Complaint paragraph number 4.

5. Defendants deny knowledge or information sufficient to answer the allegations in
   Complaint paragraph number 5.

6.  Defendants deny knowledge or information sufficient to answer the allegations in Complaint paragraph number 6.

7.  Defendants deny knowledge or information sufficient to answer the allegations in Complaint paragraph number 7.

8.  Defendants admit the allegations contained in Complaint paragraph number 8.

9.  Defendants deny the allegations contained in Complaint paragraph number 9.

10. Defendants deny the allegations contained in Complaint paragraph number 10.

11. Defendants admit the allegations contained in Complaint paragraph number 11.

12. Defendants admit that Plaintiff was employed by Defendant NML, but deny the remainder of the allegations contained in Complaint paragraph number 12.

13. Defendants admit the allegations contained in Complaint paragraph number 13.

14. Defendants deny the allegations contained in Complaint paragraph number 14.

15. Defendants deny that Plaintiff was employed by Defendant Deo, but admit the remainder of the allegations contained in Complaint paragraph number 15.

16. Defendants deny the allegations contained in Complaint paragraph number 16.

17. Defendants deny the allegations contained in Complaint paragraph number 17.

18. Defendants deny knowledge or information sufficient to answer the allegations in Complaint paragraph number 18.

19. Defendants deny the allegations contained in Complaint paragraph number 19.

20. Defendants deny the allegations contained in Complaint paragraph number 20.

21. Defendants deny the allegations contained in Complaint paragraph number 21.

22. Defendants deny the allegations contained in Complaint paragraph number 22.

23. Defendants deny the allegations contained in Complaint paragraph number 23.

24. Defendants deny the allegations contained in Complaint paragraph number 24.

25. Defendants deny the allegations contained in Complaint paragraph number 25.

26. Defendants deny the allegations contained in Complaint paragraph number 26.

27. Defendants deny the allegations contained in Complaint paragraph number 27.

28. Defendants deny the allegations contained in Complaint paragraph number 28.

29. Defendants deny the allegations contained in Complaint paragraph number 29.

30. Defendants deny the allegations contained in Complaint paragraph number 30.

31. Defendants deny the allegations contained in Complaint paragraph number 31.

32. Defendants deny the allegations contained in Complaint paragraph number 32.

33. No answer is required in response to Complaint paragraph number 33.

34. No answer is required in response to Complaint paragraph number 34.

35. Defendants repeat, reallege, and restate each of the preceding answers as if
    specifically rewritten here in response to Complaint paragraph number 35.

36. Defendants deny the allegations contained in Complaint paragraph number 36.

37. Defendants deny the allegations contained in Complaint paragraph number 37.

38. Defendants deny the allegations contained in Complaint paragraph number 38.

39. Defendants deny the allegations contained in Complaint paragraph number 39.

40. Defendants deny the allegations contained in Complaint paragraph number 40.

41. Defendants repeat, reallege, and restate each of the preceding answers as if
    specifically rewritten here in response to Complaint paragraph number 41.

42. Defendants deny the allegations contained in Complaint paragraph number 42.

43. Defendants deny the allegations contained in Complaint paragraph number 43.

44. Defendants deny the allegations contained in Complaint paragraph number 44.

45. Defendants repeat, reallege, and restate each of the preceding answers as if specifically rewritten here in response to Complaint paragraph number 45.

46. Defendants deny the allegations contained in Complaint paragraph number 46.

47. Defendants deny the allegations contained in Complaint paragraph number 47.

48. Defendants deny the allegations contained in Complaint paragraph number 48.

49. Defendants deny the allegations contained in Complaint paragraph number 49.

50. Defendants deny the allegations contained in Complaint paragraph number 50.

WHEREFORE, Defendants demand that this Court deny each of the Plaintiffs' Causes of Action, demands, and prayers for relief; dismiss Plaintiffs' lawsuit in its entirety; and award Defendants costs and attorney fees and such other relief as this Court deems necessary and just.

## AFFIRMATIVE DEFENSES

1. Anthony Deo has no individual liability in this action and is improperly named as a Defendant.

2. The Complaint should be dismissed to any extent that the Defendants were not employers of plaintiff.

3. All or part of Plaintiff's claims are barred by the doctrine of laches, equitable estoppel, unclean hands.

4. Defendants acted in good faith and with reasonable care to ensure their actions were in compliance with all applicable laws and regulations.

5. To the extent Plaintiff has sustained damages as alleged in the Complaint, such damages are misstated.

6. Failure to state claims upon which relief may be granted in whole or in part.

7. The Complaint is barred, in whole or in part, because Defendants, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint

8. The Complaint is barred, in whole or in part, to the extent that Plaintiff is estopped by his own conduct from claiming any damages or relief against Defendants.

9. Failure to join necessary and/or indispensable parties, if any.

10. Recovery is barred to any extent that the Plaintiff has failed to mitigate his purported damages.

11. This action is barred and/or recovery is barred to any extent that Plaintiff failed to take advantage of existing and available remedial opportunities, and/or otherwise failed to avoid alleged harm.

12. To the extent the Plaintiff is exempt from eligibility for overtime compensation, he or she is not entitled to overtime compensation under the FLSA and New York State Law.

13. Plaintiff's claims are barred since Plaintiff was a salaried employee.

14. This action is barred since Plaintiff has been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

15. This action is barred and/or recovery is barred to any extent that the Plaintiff alleges damages that are the result of his own culpable conduct and/or violations of company policies.

16. Plaintiffs do not meet the jurisdictional requirements for being in this Court.

17. Plaintiffs fail to meet one or more prerequisites to each of their causes of action.

18. Defendants have engaged attorneys to represent them in defense of Plaintiff's frivolous, unfounded, and unreasonable action and Defendants will thus be entitled to an award of reasonable attorney fees and costs pursuant to applicable statutory provisions upon judgment in their favor.

19. Plaintiffs signed their weekly time sheets after each was filled out and prepared with their knowledge and approval.

20. Plaintiffs' claims are specious and without merit in law or fact.

21. Plaintiff's claims are barred in whole or in part based on the doctrine of accord and satisfaction.

22. Plaintiff's claims as to lack of wage notices and wage statements under New York Labor Law are barred in whole or in part to the extent that he received complete and timely payment of wages.

23. Plaintiff's claims are barred to any extent that his duties rendered him exempt from minimum wage and overtime requirements.

DEFENDANTS DEMAND TRIAL BY JURY ON EACH COUNT OF PLAINTIFF'S COMPLAINT SO TRIABLE.

Dated: Franklin Square, NY
      June 25, 2021

                          Defendants, by counsel,

                          Harry R. Thomasson, Esq.
                          3280 Sunrise Highway, Ste. 112
                          Wantagh, NY  11793
                          Tel. 516-557-5459
                          hrtatty@verizon.net